**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL RONALD LOESEL,

    Plaintiff,

v.

                                    Case No. 16-13959

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
                                                      /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;**
**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**
**AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Paul Loesel appeals from Defendant Commissioner of Social Security's denial of his application for disability insurance benefits. Before the court are the parties' cross motions for summary judgment. (Dkt. # 16, 19.) The case was referred to United States Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. Judge Morris issued a Report and Recommendation ("R&R") on August 31, 2017, advising this court to deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. Plaintiff filed objections on September 14, 2017 and Defendant responded on September 28, 2017. Having reviewed the record, the R&R, the objections, and Plaintiff's response, the court concludes that a hearing is unnecessary. *See* E.D. LR7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

# I. STANDARD

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz, 447 U.S. 667, 673-74 (1980)*; *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," Walters, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's

claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff raises three objections to the R&R: (1) it erroneously relied on the ALJ's "lack of treatment" finding; (2) it failed to credit one of the statements of the psychological consultant; and (3) it erroneously relied on the ALJ's incomplete analysis of Plaintiff's concentration abilities. (Dkt. # 21.)

After conducting a de novo review of Plaintiff's objections, the court concludes that they are meritless and will be overruled. Plaintiff's objections are arguments that

were presented to the Magistrate Judge in Plaintiff's Motion for Summary Judgment. The R&R correctly addresses and analyzes the issues raised by Plaintiff's objections.

Because Plaintiff's first objection is an argument that made in his summary judgment briefing, the R&R has already addressed it. (Dkt. # 16, Pg. ID 420.) The R&R explicitly notes Plaintiff's concern regarding the weight the ALJ gave to his lack of treatment and whether such consideration was improper given Sixth Circuit precedent, specifically *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990) and *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841 (6th Cir. 2004). (*See* Dkt. # 20, Pg. ID 483-84.) The R&R properly concluded that the ALJ did not err in considering Plaintiff's lack of treatment as a factor. Plaintiff objects to the R&R on the basis that *Strong* misinterpreted *McKnight*. Judge Morris disagreed as this court does as well. As Defendant explains in its response to Plaintiff's objections, *Strong* is consistent with *McKnight* because *McKnight* "did not address the question of whether the claimant had a severe impairment if his conditions were untreated." (Dkt. # 22, Pg. ID 501.)

Plaintiff's second objection is an argument derived directly from his previous filings and was addressed by both the ALJ and Judge Morris. (*See* Dkt. # 16, Pg. ID 419-20) (Plaintiff arguing that the ALJ failed to consider mentally-based limitations on Plaintiff's RFC); (Dkt. # 20, Pg. ID 481) (Judge Morris explicitly addressing and rejecting this argument) (Dkt. # 21, Pg. ID 493) (Plaintiff rebranding the same argument as an objection). Judge Morris properly concluded that the ALJ, did in fact, consider the psychological consultant's statements concerning mentally-based limitations when the ALJ reviewed the consultant's evaluation. (Dkt. # 20, Pg. ID 484.)

4

Plaintiff's third objection argues that the ALJ's analysis of Plaintiff's concentration abilities was incomplete. In contrast, the R&R correctly concludes that the ALJ's determination was supported by substantial evidence. The ALJ considered "the absence of longitudinal medical evidence corroborating" some of the psychologist's concentration findings. (Dkt. # 20, Pg. ID 485.) The ALJ likewise considered that the finding of "moderately depressed" was countered by the finding that there was no evidence that Plaintiff's "mental impairment[s] are anything other than mild." (*Id.*) The court agrees that the ALJ's findings on this issue are supported by substantial evidence.

Plaintiff's objections are overruled.

### III. CONCLUSION

For the reasons stated in the R&R as well as Defendant's response to Plaintiff's objections, the court will adopt the findings and conclusions of the Magistrate Judge.

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 21) are OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 20) is ADOPTED and incorporated by reference.

IT FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. # 16) is DENIED, and that Defendant's motion for summary judgment (Dkt. # 19) is GRANTED. The Commissioner's determination is AFFIRMED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 28, 2018, by electronic and/or ordinary mail.

                                                      S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522